UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CECILIA CATHERINE MACK,

                Plaintiff,

     -against-

PARIS MAINTENANCE CO., INC. and LOCAL
32BJ, SEIU,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



MEMORANDUM DECISION
AND ORDER

14 Civ. 6955 (GBD) (FM)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* plaintiff Cecilia Catherine Mack ("Plaintiff") brings this action against defendants Paris Maintenance Company, Inc. ("Paris") and Service Employees International Union Local 32BJ ("Union") (collectively "Defendants"). (*See* Compl., ECF No. 1.) According to Plaintiff, her former employer, Paris, discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, because she is an African American female. (Compl., at 3.) Plaintiff, who worked as a janitor for Paris from 2001 until her July 26, 2013 termination, argues that Paris issued a number of disciplinary infractions, including two three-day suspensions, between March 2010 and July 2013, that were fabricated and motivated by discriminatory animus. (*See id.*, at 7-8.) Plaintiff also contends that the Union, her collective bargaining representative, discriminated against her in violation of Title VII by failing to institute arbitration proceedings in response to her grievance about her July 2013 termination. (*See id.*, at 5.)

    This matter was referred to Magistrate Judge Frank Maas on September 2, 2014. (ECF No. 5.) Defendants both moved for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56 on June 19, 2015. (ECF Nos. 26, 32). Before this Court is Magistrate Judge

Maas' February 22, 2016 Report and Recommendation ("Report," ECF No. 46), recommending that Defendants' motions for summary judgment be granted.[1] (Report at 29.) This Court adopts those recommendations.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, this Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" (internal citations and quotation marks omitted).).

Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 29); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed.

Summary judgment is appropriate where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a fact is genuinely disputed, the district

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. (*See Report*, at 2-10.)

2

court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996); *see also Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 56 n.1 (2d Cir. 2004) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." (internal quotation marks omitted)); *Shao v. City Univ. of N. Y.*, No. 12-CV-1566, 2014 WL 5038389, at *3 (S.D.N.Y. Sept. 30, 2014) (quoting *Weyant*).

However, to show a genuine dispute of material fact, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "[E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (internal citation omitted). "To satisfy Rule 56(e), affidavits must be based upon 'concrete particulars,' not conclusory allegations. To the extent that these affidavits contain bald assertions and legal conclusions—for example, that [a co-worker] 'was always making racial slurs about minorities,' and that [the plaintiff] 'was working in a hostile or abusive working environment'—the district court [can] properly refuse[ ] to rely on them." *Schwapp*, 118 F.3d at 111 (internal citations omitted); *accord Hicks v. Baines*, 593 F.3d 159, 167 (2d Cir. 2010) ("Plaintiffs' affidavits on this point lack specifics and are conclusory; a party cannot create a triable issue of fact merely by stating in an affidavit the very proposition they are trying to prove.") (internal citations omitted).

3

*Pro se* submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F. 3d 787, 790 (2d Cir. 1994) (internal citation omitted). However, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (internal citation omitted).

## II. CLAIMS AGAINST PARIS

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against any individual based on that individual's "race, color, religion, sex, or national origin." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (citing 42 U.S.C. § 2000e–2(a)). A plaintiff may base a discrimination claim on two types of prohibited acts: (1) the employer's disparate treatment, or 2) the employer's maintenance of a hostile work environment. *See Littlejohn v. City of N. Y.*, 795 F.3d 297, 312, 320 (2d Cir. 2015). Title VII also provides that an employer may not retaliate against or punish an employee's opposition to employment discrimination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013) (citing Title VII, § 2000e–3(a)).

### A. DISPARATE TREATMENT

To defeat a motion for summary judgment, a plaintiff must first establish a prima facie case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). To establish a prima facie case of discrimination, a plaintiff must show (1) membership in a protected class, (2) qualification for the position she held, (3) an adverse employment action, and (4) that the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010).

The Report found that Plaintiff could establish a prima facie case of discrimination based on her race, but not her gender.[2] (Report, at 16-17.) The parties do not dispute the first and third elements of a prima facie case: Mack's membership in two protected classes as an African American female and that her July 2013 termination constituted an adverse employment action. (*Id.*) Over Defendants' arguments to the contrary, the Report found that Plaintiff met the second prong—Plaintiff was qualified for her position, having worked for Paris for nine years before incurring any disciplinary infractions. (*Id.* (citing *Jagmohan v. Long Island R.R. Co.*, 622 F. App'x 61, 63 (2d Cir. 2015) (holding that ineligibility for promotion because of plaintiff's disciplinary history was irrelevant to job qualifications for Title VII purposes)).)

The Report then found that Plaintiff was terminated under circumstances that raise an inference of racial discrimination. (*Id.* at 16.) On July 18, 2013, Plaintiff's supervisor, Primo Beltramello, saw Plaintiff and her co-worker, a Hispanic female named Ivy Rodriguez, walking towards Metrotech Center, their place of employment, with shopping bags after they had clocked in for their shifts. (*Id.* at 5 (citing Union Rule 56.1 Statement ("Union 56.1 Stmt."), ECF No. 39, at ¶ 17).) Paris conceded that Plaintiff and Rodriguez were "similarly situated" and had to follow the same rules and procedures, but, in contrast to Rodriguez, who merely received a three-day suspension, Plaintiff was eventually terminated after about two weeks. (*See id.*, at 16.) The Report thus found that Plaintiff met her minimal burden of "show[ing] that she was treated differently than a similarly situated employee" of a different race, and that Plaintiff therefore made a prima facie case of racial discrimination. (*Id.*)

---

[2] The Report found that Plaintiff failed to offer any admissible evidence showing that gender discrimination motivated Paris' adverse employment actions. (*See id.* at 16-17.)

Magistrate Judge Maas also properly found that Paris proffered a non-discriminatory basis for Plaintiff's termination. The Report cited Plaintiff's "long history of disciplinary action and the gravity" of her July 18 offense and noted that Paris demonstrated that it has also disciplined White, Black, and Hispanic employees for poor job performance, excessive absenteeism, and being off post. (Report, at 17 (citing Loiodice Aff., ECF No. 27-2, at ¶¶ 55, 62-63).) Having concluded that Paris discharged its burden to provide a non-discriminatory business rationale for Plaintiff's termination, Magistrate Judge Maas then found that Plaintiff failed to demonstrate any circumstances surrounding her termination that gave rise to an inference of racial discrimination. (*Id.* at 18.) Although Plaintiff was treated more harshly than Rodriguez for the same conduct, Rodriguez' disciplinary history was markedly less severe than Plaintiff's. (*Id.*) Furthermore, Plaintiff conceded that she had never heard Beltramello, her supervisor, refer to her race. (*Id.* at 19 (citing Pl.'s Dep. Tr., ECF Nos. 27-1, at 56-57, 70; 39-1, at 133).)

Accordingly, Magistrate Judge Maas recommended that Paris' motion for summary judgment be granted as to Plaintiff's disparate treatment claims. This Court adopts that recommendation.

## B. HOSTILE WORK ENVIRONMENT

To prevail on a hostile work environment claim, a plaintiff must demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn*, 795 F.3d at 320-21 (citing *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)). A plaintiff must also show "that a specific basis exists for imputing the conduct that created the hostile environment to the employer," *Schwapp*, 118 F.3d at 110 (internal

6

quotation marks and alterations omitted), and that the conduct occurred because of her membership in a protected class. *Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir. 2002).

To the extent Plaintiff alleged a claim of a hostile work environment, she has not demonstrated that her heavier workload or "being forced to take pictures with her personal cell phone to prove that she had cleaned her bathrooms," or any other alleged workplace hostility, occurred because of her race or gender. (Report, at 21.) Accordingly, Magistrate Judge Maas recommended that Paris is entitled to summary judgment on this claim. (*Id.*) This Court adopts that ruling.

## C. RETALIATION

Section 704(a) of Title VII prohibits an employer from retaliating against employees for opposing any practice that violates Title VII. *See Littlejohn,* 795 F.3d at 315 (quoting 42 U.S.C. § 2000e–3(a)). Retaliation claims, like disparate treatment claims, are analyzed using the three-part burden-shifting test. *See id.* To demonstrate a prima facie case of retaliation, "a plaintiff must submit sufficient admissible evidence to allow a trier of fact to find: (i) conduct by the plaintiff that is protected activity under Title VII; (ii) of which the employer was aware; (iii) followed by an adverse employment action of a nature that would deter a reasonable employee from making or supporting a discrimination claim; (iv) that was causally connected to the protected activity." *Cox v. Onondaga Cty. Sheriff's Dep't,* 760 F.3d 139, 145 (2d Cir. 2014) (internal citation omitted).

Once a plaintiff establishes a prima facie case, the burden of production shifts to the employer to put forth evidence of a non-retaliatory rationale for the adverse action. *See id.* (citing *Holt v. KMI–Continental,* 95 F.3d 123, 130 (2d Cir. 1996)). Once the defendant has done so, the plaintiff may prevail by demonstrating that the stated rationale is pretextual. *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173, 179–80 (2d Cir. 2005). The employee at all times bears the

burden of persuasion to show a retaliatory motive. *Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1039 (2d Cir. 1993).

Magistrate Judge Maas found that Plaintiff did not show any evidence as to two elements of her prima facie case of retaliation. (*See* Report, at 21.) First, Plaintiff's June 2011 union grievance did not constitute protected activity under Title VII because in it, she complained that her June 2011 dismissal from her post at Borough of Manhattan Community College was unfair, not that she was discriminated against because of her race or gender. *See Clemente v. N.Y.S. Div. of Parole,* No. 01 Civ. 3945, 2004 WL 1900330, at *13 (S.D.N.Y. Aug. 24, 2004) (holding that without allegations of discrimination, union grievances did not constitute protected activity under Title VII); (*see* Report, at 22 (citing Kartzian Decl., ECF No. 36, at ¶ 12)).

While that defect alone is grounds for granting Paris' motion for summary judgment, Plaintiff also failed to demonstrate a causal connection between the June 2011 grievance and her July 2013 termination. (*See* Report, at 23.) Where, as here, more than two years had passed between the alleged protected activity and a cognizable adverse employment action, courts in this Circuit have generally found such a length of time too attenuated to establish causation. *See e.g. Hollander v. Am. Cyanamid Co.,* 895 F.2d 80, 85–86 (2d Cir. 1990) (finding that the passage of three months was too long to suggest a causal relationship between complaint and adverse employment action); *Castro v. Local 1199, Nat'l Health & Human Servs. Emps. Union,* 964 F. Supp. 719, 728 (S.D.N.Y. 1997) (finding that one year was too long to show causal connection between protected activity and termination). Therefore, Magistrate Judge Maas properly recommended that Paris be granted summary judgment as to Plaintiff's retaliation claim. (*See* Report, at 25.) This Court accepts that recommendation.

8

### III. CLAIMS AGAINST THE UNION

Magistrate Judge Maas construed Plaintiff's allegations against the Union as raising a Title VII discrimination claim and a breach of fair representation claim under the National Labor Relations Act ("NLRA"). (*See* Report, at 26-29.)[3] Magistrate Judge Maas properly found that Plaintiff failed to offer any evidence that the Union's decision not to arbitrate her grievance regarding her July 2013 termination was motivated by unlawful discrimination. *See Oparaji v. United Fed. of Tchrs.*, 418 F. Supp. 2d 139, 146 (E.D.N.Y. 2006) (holding that a plaintiff must show "some indication that the union's actions were motivated by unlawful discrimination or retaliation" to succeed on a Title VII discrimination claim against a union) (internal citation omitted); (*see* Report, at 27-28). The record is clear that the Union chose not to pursue arbitration because Plaintiff had a "long history of prior disciplinary infractions" and because she admitted that she left Metrotech Center during her shift. (*See* Report, at 27.)

Magistrate Judge Maas also properly found that Plaintiff's NLRA claim against the Union for breach of the duty of fair representation is foreclosed by the applicable six month statute of limitations. (Report at 28, (citing *Eatz v. DME Unit of Loc. Union No. 3 of I.B.E.W.*, 794 F.2d 29, 33 (2d Cir. 1986)).) Here, the statute of limitations had clearly expired when Plaintiff initiated this action in August 2014, more than one year after the Union's Executive Board upheld the Union's decision not to arbitrate her grievance upon appeal. *See Eatz*, 794 F.2d at 33 (holding that a cause

---

[3] As a threshold matter, the Union argued that Plaintiff failed to exhaust her administrative remedies because she failed to name the Union in her EEOC charge. (*See* Nava Decl., ECF No. 34-1, Ex. 1.) While Magistrate Judge Maas found that Plaintiff did not name the Union on the cover page of her EEOC charge, it is arguable that the attached text to her EEOC charge, which is referenced on the cover page, contained enough allegations regarding the Union's failure to act on her behalf such that the Union had notice of a charge against it. (*See, e.g.* Nava Decl., Ex. 1, at 2.) Magistrate Judge Maas properly found, however, that this issue was not dispositive, as Plaintiff's proffered evidence fails to raise a genuine issue of material fact regarding the Union's alleged discrimination against her. (Report, at 26.)

9

of action for breach of duty of fair representation begins to accrue when "the union member[] know[s] or reasonably should know that a breach of that duty has occurred"); (*see* Report, at 28).

This Court accepts the Report's recommendation to grant summary judgment as to Plaintiff's claims against the Union.

## IV. CONCLUSION

Defendants' motions for summary judgment are GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 26 and 32, and this case.

Dated: New York, New York
      March 17, 2016

SO ORDERED.

*George B. Donals*

GEORGE B. DANIELS
United States District Judge
